[Civ. No. 15524.    Second Dist., Div. One.    May 28, 1948.]

Estate of ELIZABETH M. JOHNSON, Deceased.    LOS
    ANGELES ORTHOPAEDIC FOUNDATION (a Cor-
    poration) et al., Respondents, v. G. PEARL MILLER,
    as Executrix, etc., Appellant.

John Boyce-Smith and John L. Fleming for Appellant.

Walter H. Odemar and William T. Blakely for Respondents.

DORAN, J.—The present appeal is concerned with the
validity of a codicil executed by Elizabeth M. Johnson, de-
ceased, the probate of which was set aside by the trial court
on the ground of incompetency and undue influence.    The
salient facts of the case, as stated in the appellant's brief,
are as follows: "From 1902 until the death of George C.
Johnson on April 26, 1932, . . . E. A. Miller, whose widow
and executrix brings this appeal, was attorney for George C.

Johnson . . . . Mr. Miller probated his estate for his widow . . . and acted as her attorney until her death 12 years later on July 29, 1944, she being at that time 87 years of age. She had no relatives. On June 25, 1936, when 79 years of age, she executed a Will leaving her residuary estate to two charities, to wit: the Contestants-Respondents herein. . . . On December 18, 1940, . . . Elizabeth M. Johnson executed a Codicil to her said Will, by which she left the residuary estate to said E. A. Miller (attorney), who passed away shortly after the judgment herein appealed from was entered. Testatrix lived for approximately three and one-half years after this Codicil was executed. This Codicil was probated together with the Will, and thereafter the said charities . . . brought this proceeding to set aside the probate of the Codicil on the double ground of incompetency and undue influence." The case was tried without a jury and resulted in a judgment setting aside probate of the codicil.

The trial court was "of the opinion (that) Mrs. Elizabeth M. Johnson at the time of the execution of the purported codicil was not of sound and disposing mind and memory and that she was at that time acting under fraud and undue influence of E. A. Miller." In reference to undue influence the trial judge relied upon *Estate of Witt*, 198 Cal. 407, 419 [245 P. 197], holding that "where the relation of attorney and client existed between testatrix and the beneficiary under the will, the burden of proof is upon the defendant (attorney) to overcome the presumption of fraud and unfair dealing. All dealings between an attorney and his client for the benefit of the former are not only closely scrutinized but are presumably invalid on the ground of conscious fraud; and such presumption is to be overcome only by the clearest and most satisfactory evidence that the transaction was fair and equitable and no advantage was taken by the attorney, and that the client was fully informed of all matters relative to the transaction and was so placed as to be able to act understandingly and to deal with the attorney at arm's length. A presumption of undue influence arises from proof of the existence of a confidential relation between the testatrix and the beneficiary coupled with the activity on the part of the latter in the preparation of the will."

In reference to the mental condition of the testatrix, the evidence was in conflict. A number of "intimate acquaintances" testified that the testatrix was mentally incompetent, the reasons given for such opinion being that Mrs. Johnson

was feeble and forgetful, childish, rambling in conversation, ragged, dirty and unkempt in person. Some of these witnesses testified that in 1940, testatrix seemed irrational, but at times was fairly rational; Mrs. Johnson is also characterized as a woman of fixed opinions and very stubborn. Other witnesses, including a physician and a nurse, expressed the opinion that testatrix was sane up to the time of death.

▇▇▇ Concerning the attorney's active participation in the making of the codicil, the record discloses that Attorney Miller and Mrs. Nelle Phillips who for many years had acted as secretary to the attorney, went to the home of testatrix (at the latter's repeated requests, according to the testimony of the attorney and secretary,) whereupon testatrix stated that the attorney was to be substituted as residuary legatee in place of the two charities mentioned in the will. Attorney Miller and Mrs. Phillips then returned to the attorney's office where Mrs. Phillips prepared the codicil which was to effect the desired substitution; several days later Mr. Miller and Mrs. Phillips went to testatrix' residence and the codicil was executed before Mrs. Phillips and one J. A. Kirkham as witnesses. According to the appellant's brief, ''Mr. Miller took no active part in the transaction although it is a fact that he was present.''

It is appellant's contention that (1), ''The evidence of incompetency introduced by respondent is insufficient to uphold the judgment on that ground''; (2), ''Assuming that respondents made out a prima facie case of incompetency the clear evidence to the contrary offered by appellant more than overcomes it''; and (3), that the judgment ''cannot be sustained on the ground of undue influence because there is no actual evidence thereof, no presumption thereof in this case and any possible presumption is overcome by appellant's evidence.'' In this connection appellant argues that Attorney Miller did not ''actively participate'' in the composition of the codicil; therefore that the presumption mentioned in *Estate of Witt, supra,* does not apply. On the other hand, the respondent's brief avers that ''There was ample evidence introduced to support the judgment of the lower court holding that Elizabeth M. Johnson, deceased, was incompetent when the codicil was signed,'' and that ''The evidence as well as the law supports the finding below of undue influence exercised by the (attorney) beneficiary of the purported codicil.''

▇▇▇▇ As stated in respondent's brief, ''The trial court had an opportunity to study the demeanor of all the witnesses

and . . . his written opinion indicates the impression they (contestant's witnesses) made upon him in contrast to that made by proponent's witnesses. The rule of law that an Appellate Court will not reverse a lower Court when there is a direct conflict of testimony when there is sufficient evidence to sustain the opinion of that lower Court is too well known to require any citation of authorities." That the record herein discloses substantial evidence to support the decision of the trial court cannot well be doubted. Such being the case, and notwithstanding the conflict in testimony concerning the decedent's mental condition, there can be no appellate review of the evidence.

The written opinion of the trial court, after reviewing the evidence, concludes that "From the testimony of the above witnesses it can very easily be inferred that Mrs. Johnson long had intended to remember the two organizations in her will and when she did in fact execute the will on January 25, 1936, it was but the culmination in action of a long and many times expressed desire to provide for them." Such disposition also represented "the expressed desire of a deceased spouse from whom all of the property came." The trial court further observes that the alteration of such a will "is not apt to be made except for one of two reasons. First, some act on the part of the beneficiary which alienated the affections of the testator. Secondly, influence or pressure brought to bear by or on behalf of another."

In this connection it is to be noted that Attorney Miller testified that shortly before the codicil was made, Mrs. Johnson "said she did not want them (the two charitable organizations) to receive what was left of her estate, because they had done nothing at all for her and she said I had done so much for her that she wanted me to receive what was left after the special bequests of her furniture and furnishings." Apparently, the two organizations had done nothing to antagonize the deceased, unless, as said by the trial court, "it be the failure to do something which under no circumstances they could do," since one of the organizations was an orphanage and the other an institution for handicapped children.

The essential facts in *Estate of Witt*, 198 Cal. 407 [245 P. 197], are strikingly similar to those of the instant case. In both cases the beneficiaries were attorneys occupying close confidential relationships with testatrix; both ladies were of weak or impaired mentality, personally unkempt and inclined

to rambling conversation. In the Witt case the will, drafted in the attorney's office, as was the codicil in the present case, was witnessed by the attorney's employees, one of whom testified that the attorney was in the room and talked to Mrs. Witt about the will before it was executed. In the instant case it will be remembered that Attorney Miller and the secretary, Mrs. Phillips, first called on Mrs. Johnson in reference to the codicil; after same had been drafted in the attorney's office both returned to Mrs. Johnson's home where the instrument was executed with Mrs. Phillips acting as one of the subscribing witnesses, and in the attorney's presence. In answer to a question whether Miller said anything about making the codicil, the attorney finally said: "Very well. I may have mentioned it to her (the secretary) to go ahead and prepare the codicil. Most likely did."

In the light of the above and other evidence as to the circumstances surrounding the execution of the codicil making the attorney the principal beneficiary, it is useless to contend that there is no evidence of "active participation" on the part of the attorney. In this state of the record, the rule expressed in the Witt case is clearly applicable; namely, that "A presumption of undue influence arises from proof of the existence of a confidential relation between the testatrix and the beneficiary coupled with the activity on the part of the latter in the preparation of the will," or as in the instant case, the codicil. The weight and credibility of the testimony claimed to rebut such presumption was, of course, a question for the trial court.

The judgment is affirmed.

York, P. J., and White, J., concurred.